Sam L. Stein, OBA # 12498
WHITTENBURG WHITTENBURG
GARNER & STEIN, P.C.
P.O. Box 223
Cherokee, OK 73728
Tel: (580) 596-3000
Fax: (580) 596-3004
Email: sstein@akslc.net

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MACK WHITTENBURG<br><br>Plaintiff,<br><br>vs.<br><br>2. WERNER ENTERPRISES, INC.,<br>3. MARISELA NEFF,<br>4. JON M. MORLAN, and<br>5. DRIVERS MANAGEMENT, LLC,<br><br>Defendants. | CIVIL ACTION _____ |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff, LOUIS McKEE "MACK" WHITTENBURG, an individual, and for cause of action against the Defendants, WERNER ENTERPRISES, INC., MARISELA NEFF, JON M. MORLAN, and DRIVERS MANAGEMENT, LLC, would respectfully show the Court the following:

### I. PARTIES

1.01. Plaintiff, MACK WHITTENBURG ("**Plaintiff**"), is an individual who resides in Amarillo, Randall County, Texas.

1.02. Defendant, WERNER ENTERPRISES, INC. ("**Defendant WERNER**"), is a foreign corporation whose principle office address is 14507 Frontier Rd, Omaha, NE 68138. This Defendant is given notice of the filing of this action, and is requested to waive service of process pursuant to

F.R.C.P. 4(d)(2). Accordingly, a Notice and Request for Waiver of Service, along with a copy of this pleading has been served on this Defendant at the address listed above, by certified mail, return receipt requested.

1.03. Defendant MARISELA NEFF ("**Defendant NEFF**") is an individual residing at 611 Lawson, York, PA 17404. This Defendant is given notice of the filing of this action, and is requested to waive service of process pursuant to F.R.C.P. 4(d)(2). Accordingly, a Notice and Request for Waiver of Service, along with a copy of this pleading has been served on this Defendant at the address listed above, by certified mail, return receipt requested.

1.04. Defendant JON M. MORLAN ("**Defendant MORLAN**") is an individual residing at 135 Sandy Beach Dr., Pasadena, MD 21122. This Defendant is given notice of the filing of this action, and is requested to waive service of process pursuant to F.R.C.P. 4(d)(2). Accordingly, a Notice and Request for Waiver of Service, along with a copy of this pleading has been served on this Defendant at the address listed above, by certified mail, return receipt requested.

1.05. Defendant, DRIVERS MANAGEMENT, L.L.C. ("**Defendant DM**"), is a foreign limited liability company whose principle office address is 14507 Frontier Rd, Omaha, NE 68138. This Defendant is given notice of the filing of this action, and is requested to waive service of process pursuant to F.R.C.P. 4(d)(2). Accordingly, a Notice and Request for Waiver of Service, along with a copy of this pleading has been served on this Defendant at the address listed above, by certified mail, return receipt requested.

## II. JURISDICTION AND VENUE

2.01. This Court has jurisdiction of this suit because the Plaintiff's damages, exclusive of interest, costs and attorneys fees, exceed the sum of SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00). This Court therefore has jurisdiction of the subject matter and the parties under 28 U.S.C. §1332.

2.02. Venue is proper under 28 U.S.C. §1391, as the events and occurrences made the basis of this action occurred in whole or in part in the Western District of Oklahoma.

### III. FACTS

3.01. This action arises out of an automobile collision involving a commercial motor vehicle operated by Defendant NEFF and Defendant MORLAN. These defendants were operating an eighteen wheel semi-tractor/trailer[1] (which was either owned by or under lease to Defendant WERNER), in a negligent and reckless manner.

3.02. On December 1, 2003, Defendant WERNER was engaged in commerce as an interstate motor carrier regulated by the Federal Motor Carrier Safety Regulations (**"FMCSR"**), 49 C.F.R. subch. B (2000). Pursuant to applicable FMCSR regulations, Defendant WERNER had a legal right and duty to control leased vehicles operated for its benefit. Defendant WERNER's control of and responsibility for any leased equipment is considered, under 49 U.S.C.A. §14102(a)(4), "as if the motor vehicles were owned by the motor carrier." As such, on the date and on the occasion in question, whether the semi-tractor/trailer was owned by or leased to Defendant WERNER, Plaintiff alleges that Defendants NEFF and MORLAN were actual employees of, or were "statutory employees", "borrowed servants", or other authorized agents of Defendant WERNER. Plaintiff further alleges that the collision made the subject of this claim occurred while Defendants NEFF and MORLAN were in the course and scope of furthering the business interests of Defendant WERNER.

3.03. In addition or in the alternative, Defendants NEFF and/or MORLAN were employed by Defendant DM. Upon information and belief, Defendant DM was training drivers or driver/trainees to be later employed by Defendant WERNER; or, Defendant DM was in the business of furnishing on the job training for drivers or driver/trainees currently employed by Defendant WERNER; or, Defendant DM was in the business of employing, training and managing drivers for WERNER who utilizes DM's drivers as WERNER'S own statutory employees or borrowed servants.

3.04. Whenever it is said hereafter, that any employee, representative, servant, or agent of Defendant WERNER or Defendant DM is alleged to have done or have failed to do any act or thing,

---

[1] A "commercial motor vehicle" as defined by applicable Federal Motor Carrier Safety Regulations, specifically FMCSR §383.5.

it was done in his/her capacity as an employee, representative, servant or agent of said Defendant, with prior authorization and subsequent ratification of Defendant WERNER or Defendant DM (as the case may be), and in the course and scope of his/her employment as an employee, representative, servant, or agent of Defendant WERNER or Defendant DM.

3.05. On December 1, 2003 at approximately 1:40 a.m., Plaintiff was traveling westbound in his pickup, a 1997 GMC Sierra Pickup Truck, on State Highway 325 about 1.9 miles West of Boise City in Cimarron County, Oklahoma. At or about the same time, and unknown to Plaintiff, Defendants NEFF and MORLAN had also previously been proceeding westbound on the same roadway. Also unknown to Plaintiff, Defendants improperly attempted to negotiate a U-turn of the eighteen wheel semi-tractor/trailer on the public highway. During the course of the turn, Defendants NEFF and MORLAN caused or allowed the semi-tractor/trailer to become high-centered and come to a stop on the highway, blocking the traveled portion of the highway.

3.06. The semi-tractor/trailer operated by Defendants NEFF and MORLAN blocked the highway in such a manner that it did not reflect Plaintiff's head lights as Plaintiff proceeded westbound on the same highway, unable to timely detect the semi-tractor/trailer blocking the highway. Also, Defendants NEFF and MORLAN positioned the semi-tractor/trailer on the roadway in such a manner that the headlights from their semi-tractor/trailer pointed towards oncoming traffic. Additionally, Defendants either failed to activate the vehicular hazard warning signal flashers; or, they were not adequately visible to approaching traffic due to the angle of the stopped semi-tractor/trailer. These Defendants also failed to timely and properly place warning flares or other warning devices behind and/or in front of the semi-tractor/trailer in order to warn approaching motorists of the obstructed highway.

3.07. Plaintiff collided with the semi-tractor/trailer and sustained severe and disabling personal injuries which required and still require extensive medical care as a result of Defendants NEFF's and MORLAN's conduct, and the collision above described.

## IV. NEGLIGENCE OF DEFENDANTS NEFF AND MORLAN

4.01. Defendants NEFF and MORLAN operated a commercial motor vehicle in violation of the applicable standard of care, including the Oklahoma's Highway Safety Code, 47 Okla. Stat. Annot., Ch 11 [Rules of the Road] (West 2000).

4.02. Defendants NEFF and MORLAN failed to follow applicable FMCSR regulations pertaining to the use of warning signals and/or the placement of warning devices when stopped on the traveled portion of a highway.

4.03. Plaintiff, a member of the traveling public at the time, is a person designated to be protected by the foregoing statutes and regulations, and no legal excuse for the violations of those by Defendants, exist. Defendants NEFF's and MORLAN's violations of those statutes and regulations directly and proximately caused the injuries and damages sustained by Plaintiff. The doctrine of negligence *per se* applies because of Defendants NEFF's and MORLAN's unexcused violations of the Oklahoma Highway Safety Code and/or the FMCSR regulations hereinabove mentioned.

4.04. The statutory and regulatory violations, and negligent acts and omissions of Defendants NEFF and MORLAN, as set out herein, separately and collectively, were a proximate cause of the collision in question, and the resulting injuries and damages sustained by Plaintiff. The violations of the Oklahoma Highway Safety Code and the violations of the FMCSR regulations constitute negligence *per se*. The violations, negligent acts and omissions, among others, are as follows:

    a.    Defendants failed to operate the semi-truck/trailer in a prudent, safe, and reasonable manner;

    b.    Defendants failed to alter the course of the semi-truck/trailer so as to avoid collision with Plaintiff's vehicle;

    c.    Defendants failed to properly operate or control the semi-truck/trailer they were operating;

    d.    Defendants negotiated an improper U-turn on the date, time, and occasion in question;

    e.    Defendants operated the semi-truck/trailer at the time and on the occasion in question with heedless and reckless disregard for the safety of others, which disregard was the

result of conscious indifference to the rights, welfare and safety of those persons affected by their conduct;

f. Defendants failed to activate and/or continue, or Defendants failed to *timely* activate and/or continue, use of the vehicular hazard warning signal flashers as prescribed by FMCSR §392.22(a);

g. Defendants failed to place, or Defendants failed to *timely* place, or Defendants failed to *properly* place, warning flares or other warning devices on the highway, in order to warn approaching motorists of the obstructed highway as prescribed by FMSCR §392.22(b) and (b);

h. Defendants failed to devote their full time and attention to their driving duties as contemplated and required by 47 Okla. Stat. §11-901b;

i. Defendants failed to insure that the semi-truck/trailer was driven upon the right half of the roadway as contemplated and required by 47 Okla. Stat. §11-301(a)&(b);

j. Defendants failed to insure that the semi-truck/trailer was driven as nearly as practicable, entirely within a single lane of traffic, and failed further to insure that the semi-truck/trailer was not moved from the proper lane until they had first ascertained that the movement could be made with safety, as contemplated and required by 47 Okla. Stat. §11-309;

k. Defendants wrongfully stopped the semi-truck/trailer upon a highway, and in such a manner as to obstruct the flow of traffic along State Highway 325, which prevented a clear view of oncoming traffic by reason of such stopped vehicle, in violation of 47 Okla. Stat. §11-1001(A); and

l. Such other acts or omissions as may be proven by a trial.

4.05. The foregoing acts and omissions of Defendants NEFF and MORLAN were the proximate cause of the occurrence, as well as the injuries and damages complained of by Plaintiff herein, and for which Plaintiff now sues.

### V. DEFENDANT WERNER'S ACTS OF NEGLIGENCE AND LIABILITY

5.01. Plaintiff incorporates paragraphs 4.01 through 4.05 above by reference as if fully set out verbatim.

5.02. All of the acts and omissions of Defendants NEFF and MORLAN set out above, were committed by said Defendants while they were statutory or implied employees of Defendant WERNER pursuant to applicable FMCSR regulations. As such, Defendant WERNER was and remains vicariously liable as a matter of federal law for the negligence and/or gross negligence of its actual or statutory employees, Defendants NEFF and MORLAN.

5.03. Alternatively, Defendants NEFF and MORLAN were actual employees of, or the borrowed servants or other agents of Defendant WERNER, and were within the course and scope of their assigned duties for Defendant WERNER at the time of the collision such that Defendant WERNER was and remains liable for all acts or omissions of negligence and/or gross negligence of Defendants NEFF and MORLAN, by virtue of the doctrine of *respondeat superior*.

5.04. The foregoing acts and omissions of Defendants NEFF and MORLAN as imputed to Defendant WERNER, were the proximate cause of the occurrence as well as the injuries and damages complained of by Plaintiff herein, and for which Plaintiff now sues.

5.05. In addition to the foregoing, or pleading in the alternative if necessary, Plaintiff would show that Defendant WERNER was also negligent, which acts of negligence by overt act or omission, taken separately and collectively, were a proximate cause of the occurrence in question, and the injuries and damages complained of by Plaintiff herein. The violations, negligent acts and omissions, alleged herein upon information or belief only, include the following:

    a.    Defendant retained in its employ, or borrowed as its own servant, a driver or driver/trainer, to wit: JON M. MORLAN, whom it knew or should have known was an unqualified, incompetent driver/trainer who would create an unreasonable risk of danger to person and property;

    b.    Defendant retained in its employ, or borrowed as its own servant, a driver or driver/trainee, to wit: MARISELA NEFF, whom it knew or should have known was an unqualified, incompetent driver who would create an unreasonable risk of danger to person and property; alternatively, Defendant entrusted Defendant NEFF with the custody and control of the semi-truck/trailer at a time when Defendant WERNER knew or should have known that Defendant NEFF was an unqualified, incompetent driver who would create an unreasonable risk of danger to person and property;

    c.    Defendant failed to implement and/or properly manage its driver qualification process, in that:

        (1)    Defendant failed to follow applicable Federal Motor Carrier Safety Regulations and/or guidelines covering driver qualification or training; and/or

        (2)    Defendant failed to follow industry standards covering the driver qualification and training process; and/or

        (3)    Defendant failed to properly screen and hire competent individuals to drive its vehicles.

d. *Defendant failed to implement and/or properly manage its driver safety training and* driver safety supervision programs, in that:

   (1) Defendant failed to provide Defendant NEFF adequate driver orientation and on-going safety training; and/or

   (2) Defendant failed to provide and/or enforce driving safety policies; and/or

   (3) Defendant failed to exercise reasonable supervision of its statutory employees, borrowed servants, or other agents who drive Defendant WERNER'S vehicles.

   (4) Defendant failed to provide Defendant NEFF periodic spot checks (on site or on road), periodic annual inquiries of motor vehicle records and reviews of driving or periodic safety check ride evaluations.

e. Such other acts or omissions as may be proven by a trial.

5.06. The foregoing acts and omissions of Defendant WERNER, singularly or in combination with others, were the proximate cause of the occurrence, as well as the injuries and damages complained of by Plaintiff herein, and for which Plaintiff now sues.

## VI. DEFENDANT DM'S ACTS OF NEGLIGENCE AND LIABILITY

6.01. Plaintiff incorporates paragraphs 4.01 through 5.06 above by reference as if fully set out verbatim.

6.02. In its advertising and web-site, Defendant WERNER claims:

> *Our drivers are employed by Drivers Management, LLC (DM). DM is a wholly owned subsidiary company that employs, trains and manages drivers for Werner.*

6.03. Because of their manner of operation, relationship and representations, it is apparent that Defendant NEFF and possibly Defendant MORLAN were also employees, special employees and/or statutory employees of Defendant DRIVERS MANAGEMENT, L.L.C. during all relevant times.

6.04. Therefore, the negligence of NEFF and MORLAN is also imputed to Defendant DM and Defendant DM is jointly and severally liable for the injuries and damages to Plaintiff.

6.05. Alternatively, Defendant DM was also directly negligent, which acts of negligence by overt act or omission, taken separately and collectively, were a proximate cause of the occurrence

in question, and the injuries and damages complained of by Plaintiff herein. The violations, negligent acts and omissions, alleged herein upon information or belief only, include the following:

   a. Defendant retained in its employ, a driver or driver/trainer, to wit: JON M. MORLAN, whom it knew or should have known was an unqualified, incompetent trainer who would create an unreasonable risk of danger to person and property;

   b. Defendant retained in its employ, a driver or driver/trainee, to wit: MARISELA NEFF, whom it knew or should have known was an unqualified, incompetent driver who would create an unreasonable risk of danger to person and property;

   c. Defendant failed to implement and/or properly manage its driver training process, in that:

      (1) Defendant failed to follow applicable Federal Motor Carrier Safety Regulations and/or guidelines covering driver qualification or training; and/or

      (2) Defendant failed to follow industry standards covering the driver qualification and training process; and/or

      (3) Defendant failed to properly screen and hire competent individuals to train drivers.

   d. Defendant failed to implement and/or properly manage its driver safety training and driver safety supervision programs.

   e. Such other acts or omissions as may be proven by a trial.

6.06. The foregoing acts and omissions of Defendant DM, singularly or in combination with others, were the proximate cause of the occurrence, as well as the injuries and damages complained of by Plaintiff herein, and for which Plaintiff now sues.

## VII. GROSS NEGLIGENCE

7.01. Plaintiff incorporates paragraphs 4.01 through 6.06 above by reference as if fully set out verbatim.

7.02. Plaintiff further shows that the occurrence which is the basis of this lawsuit resulted from the gross negligence[2] of Defendants NEFF and MORLAN and/or Defendants WERNER and

---

[2] Gross negligence is defined by case law as "an entire want of care or recklessness of conduct . . . or [conduct which] evinces a 'conscious indifference to consequences'". See, *Dayton Hudson Corp. v. American Mut. Liability Ins [conduct which]. Co.*, 1980 OK 193, 621 P.2d 1155, 1161 at n. 24, citing *Wooten v. Shaw*, 205 Okla. 283, 237 P.2d 442, 444 (1951). *Accord*, 23 Okla. Stat. Annot. §9.1 (Wet. Supp. 2005). A party may be liable for punitive damages under the "reckless disregard" standard if the party is shown to be aware of or culpably indifferent to, unnecessary risks of injury. See, *Thiry v. Armstrong World Industries*, 661 P.2d 515, 518

*Plaintiff's Original Complaint*                                                                                    9

DM. The neglect and conduct of said Defendants, and each of them singularly or collectively prior to the incident in question, involved an extreme degree of risk considering the probability and magnitude of the potential for harm. Such neglect and conduct goes beyond ordinary negligence and constitutes gross negligence as defined by Oklahoma law, thereby making Defendants, and each of them, liable for actual and exemplary damages for which Plaintiff now sues.

## VIII. DAMAGES

8.01. Before the collision in question occurred, Plaintiff MACK WHITTENBURG was a healthy and energetic individual. Due to the negligence, negligence *per se*, and gross negligence of Defendants which resulted in severe and/or disabling personal injuries to Plaintiff, said Plaintiff is entitled to recover from Defendants for his injuries and/or damages (both general and special), past and future as follows:

    a)    Physical pain and suffering sustained in the past by Plaintiff;

    b)    Physical pain and suffering which, in reasonable probability, Plaintiff will sustain in the future;

    c)    Mental pain and suffering sustained in the past by Plaintiff;

    d)    Mental pain and suffering which, in reasonable probability, Plaintiff will sustain in the future;

    e)    Loss of earnings and earning capacity sustained in the past;

    f)    Loss of earnings and earning capacity which, in reasonable probability, Plaintiff will sustain in the future;

    g)    Disfigurement sustained in the past;

    h)    Disfigurement which, in reasonable probability, Plaintiff will sustain in the future;

    i)    Physical impairment sustained in the past;

    j)    Physical impairment which, in reasonable probability, Plaintiff will sustain in the future;

    k)    Medical expenses for reasonable and necessary medical care, treatment and services incurred in the past;

---

(Okla. 193); *Scribner v. Hillcrest Medical Center*, 866 P.2d 437, 440-441 (Okla. App. 1992), *cert. denied*, 114 S. Ct. 288, 510 U.S. 907, 126 L.Ed.2d 238.

l) Medical expenses for reasonable and necessary medical care, treatment and services which, in reasonable probability, will be incurred by the Plaintiff in the future;

8.02. In addition to the foregoing injuries and damages, Plaintiff's 1997 GMC Sierra Pickup Truck was destroyed or otherwise damaged in the collision. Due to the negligence, negligence *per se*, and gross negligence of Defendants which resulted in the destruction of or other damage to his pickup truck, Plaintiff is entitled to recover from Defendants for his property damages in a sum which will reasonably and fairly compensate him for his loss, for which he now sues in a sum to be determined at trial.

8.03. Plaintiff is also entitled to pre-judgment interest, post-judgment interest, and costs of court in accordance with law and equity as part of his damages herein; and, Plaintiff now sues specifically for recovery of costs of court, pre-judgment interest, and post-judgment interest from the date of the occurrence that is the basis of this suit as provided by law and equity.

## IX. PUNITIVE DAMAGES

9.01. By reason of the conduct of the Defendants, and each of them,[3] including the gross negligence above described, Plaintiff sues to recover punitive damages against the Defendants, to be awarded by the finder of fact for the sake of example and by way of punishment, all as provided by 23 Okla. Stat. Annot. §9.1 (West Supp. 2005).

## X. DEMAND FOR JURY

10.01. Plaintiff demands a trial by jury.

---

[3]There are two theories for which punitive damages may be assessed against an employer such as the Defendant, WERNER ENTERPRISES, INC. and the Defendant, DRIVER MANAGEMENT L.L.C.:

a. Gross negligence of the employer resting upon prior knowledge of the propensity of the employee to commit the very harm for which damages are sought. *See, Dayton Hudson Corp. v. American Mut. Liability Ins. Co.*, 1980 OK 193, 621 P.2d 1155, 1161; or

b. By reason of vicarious liability of an employee against whom a punitive damage judgment has been entered. *See, id; see also, Jordan v. Cates*, 1997 OK 9, 935 P.2d 289; *McDonald v. Bruh*, 190 Okla. 682, 126 P.2d 986, 988 (1942); and *Holmes v. Chad Well*, 169 Okla. 191, 36 P.2d 499, 500 (1934).

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants, and each of them, be summoned and/or requested to appear and answer herein in the terms of the law; that upon final hearing, Plaintiff have judgment of and from the Defendants, and each of them, for the full amount of his damages, as herein alleged, with interest thereon at the proper rate as provided by law, compounded as permitted by law until paid; that punitive damages be assessed against each Defendant in an amount which the evidence supports; and, that Plaintiff recover his costs of court, as well as such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/ Sam L. Stein
Sam L Stein, Esq.
OBA No. 12498
**ATTORNEY FOR PLAINTIFF**
WHITTENBURG WHITTENBURG GARNER & STEIN, P.C.
305 S. Grand/P.O. Box 223
Cherokee, Oklahoma 73728
Tel: (580) 596-3000
Fax: (580) 596-3004
Email: sstein@akslc.net